# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE ALLEN KITTERMAN, B80577, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18−cv–157−SMY |
| vs. | ) ) |
| STEPHEN MCGLYNN, BRENDAN KELLY, LISA PORTER, BERNADETTE SHREMP, and KAHALAH CLAY, | ) ) ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shane Allen Kitterman is currently incarcerated at Shawnee Correctional Center ("Shawnee") following three convictions for failing to register as a sex offender in St. Clair County Circuit Court Case Nos. 12-CF-1204, 14-CF-1422 and 15-CF-373. (Doc. 1, p. 3). Plaintiff's obligation to register as a sex offender stemmed from a 1995 charge of aggravated criminal sexual abuse, which resulted in a 1996 negotiated Plea Agreement in St. Clair County Circuit Court Case No. 95-CF-750. (Doc. 1, pp. 1-3).

In the instant action, Plaintiff alleges that the judge, prosecutors and circuit clerk involved in his criminal proceedings conspired to violate his civil rights. More specifically, Plaintiff claims that Stephen McGlynn (St. Clair County Circuit Judge), Brendan Kelly (St. Clair County State's Attorney), Lisa Porter (St. Clair County Assistant State's Attorney), Bernadette Shremp (St. Clair County Assistant State's Attorney) and Kahalah Clay (St. Clair County Circuit Clerk) colluded to manufacture fraudulent convictions against him for failure to register as a sex offender. In connection with these claims, Plaintiff seeks monetary damages for "deliberate

1

indifference and conspiracy." (Doc. 1, p. 6). Additionally, Plaintiff seeks injunctive relief or a restraining order compelling Defendants to correct alleged inaccuracies in Plaintiff's underlying criminal cases.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive preliminary review under these standards.

## **THE COMPLAINT**

Plaintiff claims that following his conviction in St. Clair County Case No. 95-CF-750, the State's Attorney Defendants (Kelly, Porter and Shremp) drafted a "Statement of Facts" that wrongfully indicated Plaintiff had been convicted of the crime of "Aggravated Criminal Sexual Assault," a Class X Felony mandating lifetime sex offender registration. (Doc. 1, p. 3). Because of this alleged fraudulent document, Plaintiff claims that he was wrongly convicted of failing to register as a sex offender in St. Clair County Circuit Court Case Nos. 12-CF-1204, 14-CF-1422 and 15-CF-373. (Doc. 1, pp. 3-8). Plaintiff further alleges that the State's Attorney Defendants, the Circuit Clerk (Clay), and a Circuit Judge that reviewed Plaintiff's case in 2017 (Judge McGlynn) colluded and conspired to conceal the fraudulent acts and to ensure that Plaintiff is unable to overturn his fraudulent convictions. (Doc. 1, pp. 3-8).

## **DISCUSSION**

This case must be dismissed because Plaintiff's claims violate the principles set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). According to *Heck*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (emphasis in original). The Court explained, "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489

Plaintiff presently has a habeas corpus action under 28 U.S.C. § 2254 pending in this District. *See Kitterman v. Dennison*, 16-cv-1134-DRH (S.D. Ill. Aug. 1, 2017). In his habeas action, Plaintiff challenges the validity of his convictions for failure to register as a sex offender, *see* St. Clair County, Illinois Case Nos. 12-cf-1204, 15-cf-373, 14-cf-1422, claiming that he should not have had a duty to register as a sex offender. *Id.* He does not allege that his convictions have otherwise been set aside. As such, *Heck* stands in the way of any § 1983 action concerning Plaintiff's duty to register as a sex offender because, as noted above, "[i]t is well established that a § 1983 plaintiff may not raise claims that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside." *Williams v. Maroney*, 153 F.App'x. 709, 711 (7th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003)).

A ruling that Defendants violated Plaintiff's constitutional rights based on his allegations that they manufactured records in connection with his duty to register as a sex offender, required him to register as a sex offender when he had no obligation to do so and colluded to prevent him from resolving this issue, would necessarily imply the invalidity of his present convictions for failure to register as a sex offender. Accordingly, the action is subject to dismissal.

4

## REQUEST FOR INJUNCTIVE RELIEF

Plaintiff's request for injunctive relief warrants additional discussion. Plaintiff asks the Court to "restrain the Defendants from disseminating information that he was ever convicted of violation of 720 ILCS 5/12-4 and to have records now portraying such information corrected at once." (Doc. 1, p. 7). He also asks the Court to "compel the Defendants to perform duties under Illinois law to maintain accurate records of conviction that reflect the Plaintiff was convicted of a Class 2 Felony in St. Clair county Case No, 95-CF-750, and to correct the same information [in other data bases]." (Doc. 1, p. 6). The Court has no authority to order such relief in the instant action. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Further, this Court cannot convert any portion of this action to a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Accordingly, the request for injunctive relief is **DENIED**.

## DISPOSITION

**IT IS HEREBY ORDERED** that this entire action is **DISMISSED** without prejudice as *Heck*-barred.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Further, because three of Plaintiff's other lawsuits[1] have

---

[1] *Kitterman v. Norton,* No. 18-cv-190-DRH (S.D. Ill. Dismissed March 9, 2018); *Kitterman v. Baricevic*, No. 16-cv-01099-MJR (S.D. Ill. dismissed Oct. 31, 2016); *Kitterman v. Newton*, No. 17-cv-00733-MJR (S.D. Ill. dismissed Oct. 25, 2017). Plaintiff has filed an appeal of the dismissal in *Kitterman v. Newton*, No. 17-cv-00733-MJR (S.D. Ill.). Nonetheless, the district court's dismissal counts as a strike under 28 U.S.C. 1915(g) review until such time as the strike has been overturned. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). *See also Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (district court's issuance of a third strike counts even if the judgment is being challenged on appeal).

also been dismissed pursuant to § 1915A for being frivolous, malicious, or for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his fourth "strike." Plaintiff is reminded that if seeks to file any future civil action while he is a prisoner, he will no longer be eligible to pay a filing fee in installments using the in forma pauperis provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to prepay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 10, 2018**

                                                     s/ STACI M. YANDLE
                                                   **United States District Court**